**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JOAN DARLENE COCKRELL                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:07CV137 HTW-LRA

DEL COX; ACH MORTGAGE, LLC; ET AL.                                            DEFENDANTS


**ORDER GRANTING REMAND**

Before the court is the motion of the plaintiff asking this court to abstain and remand these proceedings to the Circuit Court of Simpson County, Mississippi [docket # 5]. Defendant EquiFirst Corporation ("Equifirst") has responded and opposes this motion. Having considered the memoranda of authorities submitted by the parties, this court concludes that the motion should be granted.

### I. Background Facts

**A. The Mortgage**

Plaintiff entered into an origination agreement/fee disclosure agreement with ACH Mortgage, LLC ("ACH") on July 5, 2005. Plaintiff subsequently refinanced her debt on August 4, 2005, under a mortgage with EquiFirst as evidenced by, *inter alia*, a note in the principal sum of $61,750.00, and a deed of trust. Terms of the note specified that plaintiff would be subject to an interest rate of 7.99% per anum and required to make monthly payments in the amount of $452.67 for thirty years. EquiFirst subsequently transferred plaintiff's mortgage to Homecomings Financial on October 27, 2005.

**B. Bankruptcy Petition**

On October 19, 2006, plaintiff filed a voluntary Chapter 7[1] bankruptcy petition in the United States Bankruptcy Court for the Southern District of Mississippi. Cockrell listed the subject property as an asset of her bankruptcy estate valued at $65,000.00; however, she did not disclose any claims relating to the mortgage as assets of her bankruptcy estate. Initially, the bankruptcy trustee advised the court and creditors that no assets would be available for distribution based upon the disclosures made by plaintiff. On April 10, 2007, the trustee reversed his position and advised the court that he had "discovered assets which may result in a distribution to creditors of the estate," and requested leave to withdraw the prior report of "no distribution."

**C. The State Court Complaint**

On February 7, 2007, plaintiff filed this action in the Circuit Court of Simpson County, Mississippi, against Del Cox; ACH; Consultants Corporation; EquiFirst; Lance Persac; and Paul Brown. Plaintiff alleges, *inter alia*, that she was charged "broker fees along with other charges which were in excess of the amount allowed by Mississippi law." Cockrell's complaint alleges claims for, *inter alia*, breach of fiduciary duty, negligent and intentional misrepresentation, deceptive sales practices, fraud, negligent and intentional infliction of emotional distress, negligence, gross negligence, conversion, tortuous interference with contract, breach of the duty of good faith and fair dealing, breach of contract, and intentional interference with a contractual relationship. Along with her request for actual and punitive damages, plaintiff also requests injunctive relief to enjoin any attempt to enforce the mortgage through "foreclosure proceedings and suspending [her] obligation." On March 9, 2007,

---

[1] While Chapter 13 permits a bankrupt to pay off debts in affordable increments, Chapter 7 would discharge a bankrupt of all debts.

EquiFirst removed this action to this court, invoking this court's jurisdiction under Title 28 U.S.C. § 1334(a)[2] [docket # 1].  EquiFirst seeks referral of this action to bankruptcy court [docket # 8].  Plaintiff moved to remand on the basis of mandatory abstention, voluntary abstention, and equitable remand.

## II. Discussion

### A. Jurisdiction

The court must first determine if it has jurisdiction under Title 28 U.S.C. § 1334(b).[3]  A defendant may remove a case from state court if the case arises under, arises in, or is related to a bankruptcy petition.  *Id.*  "For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under,' 'arising in a case under,' or 'related to a case under' Title 11."  *In re Wood*, 825 F.3d 90, 93 (5th Cir. 1987).  "To determine whether a district court has jurisdiction under 28 U.S.C. § 1334, 'it's only necessary to determine whether a matter is at least "related to the bankruptcy."'"  *Allen v. City Fin. Co.*, 224 B.R. 347, 351 (S.D. Miss. 1998) (quoting *Wood*, 825 F.3d at 93).

A proceeding is "related to" a bankruptcy case if it could have been commenced in state or federal court independently of the bankruptcy case and the outcome of that proceeding could have an impact on the bankruptcy estate.  *Wood*, 825 F.3d at 93.  The Fifth Circuit Court of Appeals has held that proceedings "related to" a bankruptcy case include (1) causes of action owned by the debtor which became property of the bankruptcy estate.  *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001).  The Fifth Circuit also has held that "[a]n action is related to

---

[2] Title 28 U.S.C. § 1334(a) states: Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

[3] Title 28 U.S.C. § 1334(b) states: Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling of the bankruptcy estate." *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988).  In addition, the Seventh Circuit Court of Appeals has held that a case is "related to" a bankruptcy proceeding if the dispute affects the amount of property available for distribution among the creditors.  *Matter of Xonics, Inc.,* F.2d 127 (7th Cir. 1987).

The court finds that the instant case is "related to" plaintiff's Chapter 7 petition.  A judgment for the plaintiff in the state court action would certainly have an impact on the property of Cockrell's bankruptcy estate; thus, this court has jurisdiction over this matter.

**B.  Mandatory Abstention**

To determine whether the mandatory abstention provision of Title 28 U.S.C. § 1334(c)(2)[4] applies, the court must first determine whether plaintiff's cause of action represents "core" bankruptcy proceedings.  A district court must abstain from hearing a case if the court's bankruptcy jurisdiction is predicated upon a non-core matter.  *Reed v. Mississippi Farm Bureau Mutual Ins. Co*., 299 B.R. 804, 807 (S.D. Miss. 2003).  In *In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999), the United States Court of Appeals for the Fifth Circuit analyzed whether a federal district court should have abstained from exercising jurisdiction over a bankrupt's state law claim of professional (accounting) malpractice.  The *Southmark* court explained that if the suit is merely "related to" *Southmark's* bankruptcy, the bankruptcy court was required to abstain from hearing it.  Title 28 U.S.C. § 1334(c)(2).  If, however, the controversy lies "at the core of the federal bankruptcy power," *Northern Pipeline Constr. Co. V.*

---

[4]Title 28 U.S.C. § 1334(c)(2) states: Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

*Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the bankruptcy law permits, but does not require, abstention. Title 28 U.S.C. § 1334(c)(1).[5]  *Id.* at 928-29 (footnotes omitted).

In defining the scope of a "core proceeding," the *Southmark* court cited the holding in *In re Wood*. *Wood* involved a claim against a debtor over share of stock acquired by the debtor after the petition in bankruptcy had been filed. There, the court held that a proceeding is core under Title 28 U.S.C. § 157[6] if it involves a substantive right provided by Title 11 or if the proceeding could arise only in the context of a bankruptcy case.

In the present case, plaintiff's suit is not based upon any right created by federal bankruptcy law. Plaintiff's claim is one based solely on state law. Therefore, because the claims do not arise out of bankruptcy proceedings, the claims must be categorized as non-core proceedings.

The court must consider whether the five-part test for mandatory abstention is met. For mandatory abstention to apply, the following conditions must exist: (1) a motion has been timely filed requesting abstention; (2) the underlying proceeding is based on state law; (3) the proceeding is non-core or related to the bankruptcy case; (4) the proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case; and (5) the proceeding has already been commenced and can be timely adjudicated in a state court forum. *See* Title 28 U.S.C. § 1334(c)(2). *See e.g., In re S.E. Hornsby & Sons Sand and*

---

[5] Title 28 U.S.C. § 1334(c)(1) states: Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

[6] Title 28 U.S.C. § 157 provides in pertinent part:
(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
(b)(1) Bankruptcy judges may hear and determine all cases under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

*Gravel Co., Inc.*, 45 B.R. 988 (Bankr. M.D. La. 1985).

In the present case, plaintiff has established all the elements required for mandatory abstention. A timely motion to remand, as well as abstain, was filed with this court. Plaintiff's cause of action is premised on state law. As analyzed above, plaintiff's cause of action in this case is a non-core proceeding. This case could not have been commenced in this court absent the existence of plaintiff's bankruptcy case. Finally, the subject case already has been commenced in state court, and the case can be adjudicated in state court in a timely manner. Therefore, this court concludes that plaintiff has met all of the elements of mandatory abstention, and this court finds that it shall abstain and remand this case to state court.

**C.  Permissive Abstention**

A district court may abstain from hearing a case under Title 11 where abstention is in the interests of justice, comity with state courts, or respect for state laws. Title 28 U.S.C. § 1334(c)(1). The United States District Court for the Southern District of Mississippi compiled a list of fourteen non-exclusive factors to determine whether a court should exercise voluntary abstention. *See Beasley v. Personal Finance Corp.*, 279 B.R. 523, 532 (S.D. Miss.2002). These factors include:

1.  The effect or lack thereof on the efficient administration of the estate if the Court recommends abstention;

2.  Extent to which state law issues predominate over bankruptcy issues;

3.  Difficulty or unsettled nature of the applicable law;

4.  Presence of a related proceeding commenced in state court or other non-bankruptcy proceeding;

5.  Jurisdictional basis, if any, other than § 1334;

6.  Degree of relatedness or remoteness of proceeding to main bankruptcy case;

      7.  The substance rather than the form of an asserted core proceeding;

      8.  The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

      9.  The burden of bankruptcy court's docket;

      10.  The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

      11.  The existence of a right to a jury trial;

      12.  The presence in the proceeding of non-debtor parties;

      13.  Comity; and

      14.  The possibility of prejudice to other parties in the action.

*Searcy v. Knostman*, 155 B.R. 699, 710 (S.D. Miss.1993) (*citing In re Tuscan Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir.1990).

Applying these factors to the plaintiff's claims, this court finds that these factors weigh in favor of discretionary abstention.  First, state law issues predominate over the bankruptcy issues in this case.  Secondly, this proceeding is merely related to the bankruptcy case and this court's only basis of jurisdiction is based on Title 28 U.S.C. § 1334.  Thirdly, the state court is fully capable of handling these issues.  Next, plaintiff is entitled to a jury trial and exercising jurisdiction here would deprive the plaintiff of her choice of forum.  Also, the parties have commenced discovery in state court.  Finally, comity calls for this court to abstain in favor of the state court.  Therefore, this court will abstain from hearing this case.

### III. Conclusion

This court finds that the principles of mandatory abstention and permissive abstention command this court to abstain and return this dispute to state court. Plaintiff has alleged only state law claims and when said claims are finally adjudicated, the bankruptcy trustee, who should carefully monitor this action, may then determine whether to intervene on behalf of creditors before any monies are provided to plaintiff. Therefore, this court hereby grants plaintiff's motion to remand.

SO ORDERED, this the 19th day of February, 2008.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:07-cv-137 HTW-LRA
Order Granting Remand